PD-1549-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 11/30/2015 11:13:35 AM
Accepted 12/1/2015 1:30:08 PM
ABEL ACOSTA
CLERK

## NO. 13-11-00701-CR

## TO THE COURT OF CRIMINAL APPEALS

## OF TEXAS

**THE STATE OF TEXAS**            **Appellant,**

v.

**SHIRLEY COPELAND**            **Appellee.**

Appeal from Victoria County

## STATE'S PETITION FOR DISCRETIONARY REVIEW

STEPHEN B. TYLER
Criminal District Attorney
Victoria County, Texas
Bar I.D. No. 24008186

BRENDAN W. GUY
Assistant Criminal District Attorney
Victoria County, Texas
Bar I.D. No. 24034895
205 N. Bridge St. Ste. 301,
Victoria, Texas 77901-6576
bguy@vctx.org (E-Mail)
(361) 575-0468 (Telephone)
(361) 570-1041 (Fax)

FILED IN
COURT OF CRIMINAL APPEALS

December 1, 2015

ABEL ACOSTA, CLERK

## Identity of Judge, Parties, and Counsel

Pursuant to Tex. R. App. P. 68.4(a) (2014), the Judge, parties, and counsel in this suit are:

**TRIAL JUDGE:**
The Honorable Laura Weiser
County Court at Law #1
Victoria, Texas

**APPELLANT:**
The State of Texas

**APPELLEE:**
Shirley Copeland

**TRIAL PROSECUTOR:**
Allison Elizabeth Marek
State Bar # 24051912
302 Waterford
Victoria, TX 77901

**TRIAL DEFENSE ATTORNEY:**
Micah Wayne Hatley
State Bar # 24053260
P. O. Box 2113
Victoria, TX 77902

**APPELLATE STATE'S ATTORNEY:**
Brendan Wyatt Guy
State Bar #24034895
Assistant Criminal District Attorney
205 N. Bridge St., Suite 301
Victoria, TX 77901-6576

**APPELLATE DEFENSE ATTORNEY:**
Luis Adrian Martinez
State Bar # 24010213
209 West Juan Linn
P. O. Box 410
Victoria, TX 77902

# Table of Contents

Identity of Judge, Parties, and Counsel.............................................2

Table of Contents ........................................................... 3-4

Index of Authorities............................................................ 5-7

Statement Regarding Oral Argument ........................................8

Statement of the Case.......................................................... 8-9

Statement of Procedural History.............................................9-11

Statement of Facts...............................................................11-13

Ground for Review .................................................................13

    I. Did the Court of Appeals commit reversible error
    by holding that the State procedurally defaulted
    on an issue that both the trial court and the Court
    of Appeals treated as a non-case dispositive issue
    when the case was first up for appeal?.......................................13

    II. Did the Court of Appeals fail to properly perform
    the review it was instructed to conduct by the
    Court of Criminal Appeals? .......................................................13

Argument and Authorities................................................. 13-23

    I. The Court of Appeals erred by concluding that the
    State procedurally defaulted on the issue of the
    legality of the duration of Appellee's detention.................... 13-19

    II. The Court of Appeals erred by failing to conduct
    the complete analysis requested of it by the Court
    of Criminal Appeals............................................................ 19-23

**Prayer** ................................................................................................24

**Signature**..............................................................................................24

**Certificate of Compliance** ...............................................................25

**Certificate of Service** .......................................................................26

**Appendix**....................................................................................A-1-A-7

    I.    **Appendix Table of Contents**......................................................A-1

    II.   **Nov. 12, 2015 Memorandum Opinion
in Cause Number 13-11-00701-CR,
State of Texas v Shirley Copeland** ..................................A-2-A-7

# Index of Authorities

## United States Supreme Court Cases

*Georgia v. Randolph,*
547 U.S. 103 (2006) ........................................................ 10, 20, 22, A-3-A-4

*Terry v. Ohio,*
392 U.S. 1 (1968) ........................................................................ A-5-A-6

## Texas Cases

*Davis v. State,*
947 S.W.2d 240 (Tex. Crim. App. 1997)................................................ A-6

*Ford v. State,*
158 S.W.3d 488 (Tex. Crim. App. 2005).................................................A-5

*Garza v. State,*
No. 13–12–00240–CR, 2013 WL 3378325
(Tex. App.—Corpus Christi 2013, pet. ref'd)
(mem. op., not designated for publication) ........................................ A-6

*Kothe v. State,*
152 S.W.3d 54 (Tex. Crim. App. 2004)................................................ A-6

*State v. Copeland,*
380 S.W. 3d 214 (Tex.App.-Corpus Christi 2012),
*rev'd & remanded* 399 S.W. 3d 159
(Tex. Crim. App. 2013) ........................................................9-10, A-2-A-4,

*State v. Copeland,*
399 S.W. 3d 159 (Tex. Crim. App. 2013)................. 9-10, 20-21, A-2-A-4

*State v. Copeland,*
No. 13-11-00701-CR, 2013 WL 6588031
(Tex. App.-Corpus Christi, 2013), *rev'd & remanded,*
No. PD-1802-13, 2014 WL 5508985
(Tex. Crim. App. 2014).............................................9-10, A-3-A-5

*State v. Copeland,*
No. PD-1802-13, 2014 WL 5508985
(Tex. Crim. App. 2014).........................9, 11, 14, 20-21, A-3-A-6

*State v. Copeland,*
No. 13-11-00701-CR, 2015 WL 7039545
(Tex. App.-Corpus Christi Nov. 12, 2015, pet. filed)
(mem. op. not designated for publication) ...................... 4, 9, 11, 13-14,
.........................................................................................20, A-1-A-7

*State v. Elias,*
339 S.W. 3d 667 (Tex. Crim. App. 2011).................................15

*State v. Esparza,*
413 S.W. 3d 81 (Tex. Crim. App. 2013)...................................16

*State v. Saenz,*
411 S.W. 3d 488 (Tex. Crim. App. 2013).........................14, A-6

**Texas Statutes**

TEX. HEALTH & SAFETY CODE § 483.041 (West 2010)...........8, 10,
...................................................................................................A-3

# Texas Rules

TEX. R. APP. 9.4........................................................................................25

TEX. R. APP. 44.4......................................................................................23

TEX. R. APP. 47.2.....................................................................................A-7

TEX. R. APP. 68.4........................................................................................2

No. 13-11-00701-CR

TO THE COURT OF CRIMINAL APPEALS

OF THE STATE OF TEXAS

THE STATE OF TEXAS, ...............................................................................Appellant

v.

SHIRLEY COPELAND,............................................................................Appellee

\* \* \* \* \*

STATE'S PETITION FOR DISCRETIONARY REVIEW

\* \* \* \* \*

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

Comes now the State of Texas, by and through its Criminal District Attorney

for Victoria County, and respectfully urges this Court to grant discretionary review

of the above named cause, pursuant to the rules of appellate procedure.

## Statement Regarding Oral Arguement

Oral argument is waived.

## Statement of the Case

Appellee was charged by information on April 5, 2011 with one count of

possession of a dangerous drug, Tramadol. [CR-I-1; TEX HEALTH & SAFETY CODE

ANN. § 483.041 (West 2012).] On October 24, 2011, the trial court, with the

Honorable Laura Weiser presiding, granted a defense motion to suppress. [CR-I-23]. On August 14, 2012, the Thirteenth Court of Appeals (hereafter Court of Appeals) upheld the trial court's suppression of evidence. *State v. Copeland,* 380 S.W. 3d 214 (Tex.App.-Corpus Christi 2012), *rev'd & remanded* 399 S.W. 3d 159 (Tex. Crim. App. 2013). On May 8, 2013, the Court of Criminal Appeals reversed and remanded the case back to the Court of Appeals. *State v. Copeland,* 399 S.W. 3d 159 (Tex. Crim. App. 2013). On December 12, 2013, the Court of Appeals again affirmed the suppression of the evidence. *State v. Copeland,* No. 13-11-00701-CR, 2013 WL 6588031 (Tex. App.-Corpus Christi, 2013), *rev'd & remanded,* No. PD-1802-13, 2014 WL 5508985 (Tex. Crim. App. 2014). On October 22, 2014, the Court of Criminal Appeals again reversed and remanded the case back to the Court of Appeals. *State v. Copeland,* No. PD-1802-13, 2014 WL 5508985 (Tex. Crim. App. 2014). On November 12, 2015, the Court of Appeals again upheld the trial court's suppression of evidence. *State v. Copeland,* No. 13-11-00701-CR, 2015 WL 7039545 (Tex. App.-Corpus Christi Nov. 12, 2015, pet. filed)(mem. op. not designated for publication). No motion for rehearing was filed. The State's petition is due December 11, 2015.

## Statement of Procedural History

Appellee was charged by information on April 5, 2011 with one count of possession of a dangerous drug, Tramadol. [CR-I-1; TEX HEALTH & SAFETY CODE

ANN. § 483.041 (West 2012).] On October 24, 2011, the trial court, with the Honorable Laura Weiser presiding, granted a defense motion to suppress. [CR-I-23]. On August 14, 2012, the Court of Appeals affirmed the ruling of the trial court, holding that the refusal of the passenger to give consent to search the vehicle negated the consent given by the driver. *Copeland,* 380 S.W. 3d at 221. The State then filed a petition for discretionary review which the Court of Criminal Appeals granted on the sole grounds of whether the Court of Appeals had been correct to extend the United States Supreme Court holding from *Georgia v. Randolph* to vehicle cases. See *Copeland,* 399 S.W. 3d at 162; *Georgia v. Randolph,* 547 U.S. 103 (2006). On May 8, 2013, the Court of Criminal Appeals ruled that the Court of Appeals erred in extending *Randolph* to vehicle searches and remanded the case back to the Court of Appeals to determine whether the State had procedurally defaulted on the issue of the legality of the duration of Appellee's detention by not arguing that issue at the appellate level. *Copeland,* 399 S.W. 3d at 162.

On December 12, 2013, the Court of Appeals again affirmed the trial court's ruling granting the motion to suppress, but instead of ruling on whether or not the State had procedurally defaulted on the challenge to the duration of the detention, the Court of Appeals instead held that the State had procedurally defaulted at both the trial and appellate level on whether the consent to search the vehicle in this case was voluntary. *Copeland,* 2013 WL 6588031at 9. The State

then filed a petition for discretionary review challenging whether it had procedurally defaulted on that issue. On October 22, 2014, the Court of Criminal Appeals held the State had not procedurally defaulted on the issue of voluntariness and again remanded the case back to the Court of Appeals to determine whether the State had procedurally defaulted on the challenge to the duration of the detention. *Copeland,* No. PD-1802-13 at 5-6.

On November 12, 2015, the Court of Appeals again affirmed the trial court's ruling, holding the State had procedurally defaulted on the issue of the length of the Appellee's detention by failing to argue that issue at the appellate level. *Copeland,* 2015 WL 7039545 at 3. Chief Justice Valdez signed the opinion. *Id. at 3.*

## Statement of Facts

Appellee was charged by information with one count of possession of a dangerous drug on April 5, 2011. [CR-I-9]. Appellee filed a motion to suppress on July 1, 2011. [CR-I-20]. Among other grounds that motion to suppress alleged that there was an unlawful extended detention of the Apellee by law enforcement. [CR-I-20-21].

A motion to suppress hearing was held on October 17, 2011. [RR-I-1]. At that hearing the State asserted in its opening argument that the law enforcement officers in this case obtained consent to search the Appellee's vehicle at a point

when the initial reason for the stop had not yet been concluded and that the totality of the circumstances showed that the officers had not improperly extended the detention. [RR-I-5-6].

During the hearing the State elicited testimony from Deputy Jesse Garza concerning the details of the traffic stop he performed on Appellee's vehicle from the time of the initial stop until the moment when the vehicle's driver, Mr. Wayne Danish, gave Deputy Garza consent to search the vehicle. [RR-I-16-22]. The State also elicited testimony from Deputy Garza concerning when the traffic stop came to an end. [RR-I-30-31].

In the State's closing argument, the State again reiterated its position that the detention in this case was lawful. [RR-I-54].

The trial court granted Appellee's motion to suppress, ruling from the bench that the search was unreasonable due to the Appellee refusing the investigating officer permission to search. [RR-I-61]. The trial court's verbal ruling did not make any reference to the length of the detention as an issue the trial court considered in ruling on the suppression motion. [RR-I-61-62].

On October 19, 2011 the trial court issued its written findings of fact and conclusions of law. [CR-I-32-33]. The findings of fact described the traffic stop but made no reference to how long the traffic stop was. [CR-I-32]. The findings of fact also did not indicate the investigating officer did anything as part of the

traffic stop that would have been beyond the scope of what is permissible for a routine traffic stop. [CR-I-32]. The conclusions of law issued by the trial court likewise included no statement regarding the trial court's conclusions on the length or the legality of the detention. [CR-I-33]. The only reason the trial court's conclusions of law listed for granting the suppression motion in this case was because of the Appellee denying Deputy Garza consent to search the vehicle. [CR-I-33].

No appellate court ever instructed the trial court to supplement its findings of fact and conclusions of law for this case. [CR].

## Ground for Review

I. **Did the Court of Appeals commit reversible error by holding that the State procedurally defaulted on an issue that both the trial court and the Court of Appeals treated as a non-case dispositive issue when the case was first up for appeal?**

II. **Did the Court of Appeals fail to properly perform the review it was instructed to conduct by the Court of Criminal Appeals?**

## Argument and Authorities

I. **The Court of Appeals erred by concluding that the State procedurally defaulted on the issue of the legality of the duration of Appellee's detention.**

In its third review of this case, the Court of Appeals concluded that the State procedurally defaulted on the Appellee's challenge to the length of her detention by failing to address that issue at the appellate level. *Copeland,* 2015 WL 7039545 at

3.  The State concedes it did not argue that particular issue at the appellate level. However, the State contends it should not be held to have procedurally defaulted on that issue since both the trial court and the Court of Appeals treated that issue as a non-case dispositive issue when this case was first up for appeal. Therefore, since the length of the detention issue was effectively declared a non-case dispositive issue for the appeal there was no logical reason for the State to address that issue in its appeal. As such the State should not be deemed to have procedurally defaulted on that issue.

The Appellee challenged the legality of the length of her detention in this case in her suppression motion [CR-I-20-21], and the State defended against that argument at the suppression hearing. [RR-I-5-6, 16-22, 30-31, 54]. The trial court, in ruling on Appellee's suppression motion from the bench, made no reference to the legality of the length of the detention and instead based its entire holding on a finding that the State did not have valid consent to search Appellee's vehicle. [RR-I-61-62]. The trial court's written findings of fact and conclusions of law likewise included nothing concerning the legality of the length of the Appellee's detention. [CR-I-32-33]. This Honorable Court likewise confirmed that the trial court did not make any findings of fact or conclusions of law on the question of the legality of the length of the detention. See *Copeland*, 2014 WL 5508985 at 2.

It can reasonably be inferred from the trial court's lack of findings on the

legality of the length of the detention that the trial court concluded the length of the detention was lawful in this case. There would be no compelling reason for the trial court to include findings/conclusions establishing that the length of the detention was lawful in this case, since the trial court granted the motion to suppress on other grounds, whereas there would have been a compelling reason for the trial court to include findings/conclusions on the length of the detention if it concluded the length of the detention was unlawful since that would establish a second ground for granting suppression. Thus the lack of findings on this issue strongly suggests the trial court decided that particular issue for the State. But at any rate, it is clear the trial court's ultimate ruling on the suppression motion did not turn on this particular issue, since the trial court issued no findings of fact/conclusions of law at all actually related to the nature of the length of the detention.

The trial court's complete lack of factual findings and conclusions of law on the length of the detention are critical because when a trial court submits findings of fact the appellate courts are not permitted to presume their own dispositive factual findings should the trial court's factual findings prove inadequate. See *State v. Saenz*, 411 S.W. 3d 488, 495 (Tex. Crim. App. 2013). Instead the appellate court's remedy to inadequate findings of fact and conclusions of law from the trial court (which is to say findings and conclusions that do not cover every potentially

dispositive issue that might have reasonably been said to have arisen in the course of the suppression hearing) is to remand the case back to the trial court for entry of additional, specific findings of fact that will address the dispositive legal issues in the case. See *State v. Elias*, 339 S.W. 3d 667, 676 (Tex. Crim. App. 2011). Moreover, this remedy holds true whether a party requested findings of fact and conclusions of law from the trial court, or if the trial court decided on its own to furnish findings of fact and conclusions of law. *Id.* at 676. And indeed it is error on the part of an appellate court to affirm the trial court's ruling on inadequate findings of fact/conclusions of law rather than for the appellate court to remand the case back to the trial court with instructions to that court to supplement the record with the missing findings of fact and conclusions of law. *Elias*, 339 .W. 3d at 676-677.

In the present case, the trial court's findings of fact and conclusions of law were clearly inadequate on the issue of the length of the detention, since the trial court issued no findings of fact/conclusions of law at all on that issue. [CR-I-32-33]. Nevertheless, the Court of Appeals did not remand the case back to the trial court with instructions to supplement its findings of fact and conclusions of law on that issue. [CR]. Thus obviously the Court of Appeals also did not consider the length of the detention to be a potentially dispositive issue in the case. The *Elias* ruling was issued on April 6, 2011, more than six months before the motion to

suppress hearing in this case was even heard, so obviously the Court of Appeals was aware of its legal obligation to remand the case back to the trial court if the findings of fact/conclusions of law issued by a trial court prove inadequate on a potentially dispositive issue in the case. *Elias,* 339 S.W. 3d at 667, 676; [CR-I-23]. Therefore when faced with a complete lack of factual findings and conclusions of law from the trial court on that issue, the Court of Appeals obviously would have fulfilled its legal obligation to secure proper findings/conclusion and would have remanded the case back to the trial court if it believed the issue of the length of the detention had any possible relevance for the disposition of the appeal in this case. Therefore, since the Court of Appeals declined to remand the case back to the trial court for further findings, it is clear that the Court of Appeals did not believe the length of the detention was a potentially dispositive issue in this case.

Since neither the trial court nor the Court of Appeals believed the length of the detention was a potentially dispositive issue in this case that issue was clearly not a relevant issue during the appellate process for this case. And it would be absurd to claim the State procedurally defaulted for not arguing an issue that both the trial court and the Court of Appeals considered to be non-relevant to the appeal. It is already established Texas law that Appellant's do not procedurally default on appeal by failing to defend against arguments the other party did not first raise at the trial level. *State v. Esparza,* 413 S.W. 3d 81, 90 (Tex. Crim. App. 2013). The

same principles of equity should also protect parties from being deemed to have procedurally defaulted on appeals for not arguing an issue that neither the trial court nor the Court of Appeals treated as potentially case dispositive.

The actions of the trial court and Court of Appeals effectively declared the issue of the legality of the length of Appellee's detention to be a non-issue for purposes of the State's appeal. The State structured its appellant argument accordingly, and it was certainly objectively reasonable for the State to believe that issue was no longer under consideration given the lack of any findings of fact/conclusions of law related to that issue by the trial court, and the actions of the Court of Appeals in not remanding the case back for further findings of fact/conclusions of law on that point. Nor is there any compelling policy reason to require parties to litigate issues that neither the trial court nor the appellate courts consider to be potentially dispositive issues for the case. Quite the contrary, requiring parties to litigate otherwise irrelevant issues simply, so they can avoid possible procedural default on such issues would be tremendously wasteful; adding substantial cost, complexity, and delay to the appellate process for no tangible benefit.

Therefore, just as Appellants are protected from procedural default against arguments they had no reason to believe they had to defend against at the trial level, so should Appellants be similarly protected against arguments that they have

no reason to believe they must defend against at the appellate level. Such an approach is more equitable, and will promote greater efficiency in the justice system by insuring that parties focus their efforts on addressing the issues which are genuinely relevant to the disposition of the case. To the extent the Court of Appeals held otherwise, it decided an important question of state law concerning the scope of procedural default in the appellate level. That question has not but should be decided by the Court of Criminal Appeals and thus this petition should be granted.

Additionally, the Court of Appeals's action in holding that the State procedurally defaulted on an issue where the Court of Appeals' own failure to remand the case back to the trial court for further findings of fact/conclusions of law on that issue, helped create the conditions under which the State reasonably believed that particular issue was no longer under consideration in the case, is an action that so far departs from the accepted and usual course of judicial proceedings as to call for an exercise of the Court of Criminal Appeal' power of supervision and thus this petition should be granted.

## II. The Court of Appeals erred by failing to conduct the complete analysis requested of it by the Court of Criminal Appeals

In addition to reaching the wrong conclusion on the legal question of whether the State procedurally defaulted on the issue of the length of Appellee's

detention in this case, the Court of Appeals also erred by failing to answer all of the questions that were put to it by the Court of Criminal Appeals.

This Honorable Court has twice instructed the Court of Appeals to address both whether the State forfeited any challenge to the Appellee's claim that the length of the detention in her case was unlawful by failing to challenge it on appeal and also "whether the trial court intended for its general order to be limited to only the ground covered by the findings of fact and conclusions of law rendered, which pertained only to the *Randolph* ground; or whether some other disposition, such as abatement, is necessary to determine the trial court's intent with respect to its ruling." See *Copeland*, 399 S.W. 3d at 162, n.4; *Copeland*, PD-1802-13 at 3. Unfortunately, the Court of Appeals has only complied with half of those instructions.

The Court of Appeals did address the question of whether the State forfeited its challenge to Appellee's attack on the duration of the traffic stop in this case when it concluded the State did indeed forfeit that issue at the appellate level. See *Copeland*, 2015 WL 7039545 at 3. But that was all the Court of Appeals addressed. Their ruling did not take up the second, equally important question of whether the trial court intended its ruling on the motion to suppress to be limited just to the grounds covered in its findings of fact and conclusions of law. *Copeland*, 2015 WL 7039545 at 3. Instead, the Court of Appeals seemingly

concluded that since they found the State forfeited the length of detention issue that settled the procedural default question and no further legal analysis was required. *Copeland,* 2015 WL 7039545 at 3 n.5. That conclusion is erroneous.

This Honorable Court already implicitly established that merely addressing whether the State forfeited the length of detention issue is insufficient to answer the larger question of whether the State procedurally defaulted, by instructing the Court of Appeals to determine both whether the State forfeited the length of detention issue and what the trial court intended in regards to its order in this case. *Copeland,* 399 S.W. 3d at 162, n.4; *Copeland,* PD-1802-13 at 3. It only makes sense to take up the second question (what the trial court intended with its order), if the first question (did the State forfeit the argument) is not itself dispositive of the procedural default question in this case. After all, if the first question was dispositive by itself then there would be no need to take up the second question at all: either the State forfeited the length of detention argument and procedural default was properly granted, or the State did not forfeit the length of default argument and there is no procedural default issue at all. Under either scenario there would be no need to address what the trial court intended at all, since no matter how the first question was resolved the larger legal issue of whether procedural default occurred would be resolved.

Accordingly, since this Honorable Court did instruct the Court of Appeals to

consider not just whether the State forfeited the issue at the appellate level but also what the trial court intended, it is clear that procedural default can only be found if the record in this case supports both: 1) that the State did forfeit the issue of the legality of the length of Appellee's detention at the trial level, and 2) that the trial court intended its suppression order to be based on more than just the *Randolph* ground that was articulated in the trial court's findings of fact and conclusions of law. Both factors must be established for procedural default and as such even if the Court of Appeals found that the State forfeited the length of detention issue at the appellate level, it still needed to address the second question concerning the trial court's intent with its order before the Court of Appeals could determine if there had been a procedural default in this case. The Court of Appeals failed to do this, since it completely ignored the second question, and as such its procedural default analysis in this case was only half complete.

The Court of Appeals erred by only doing half of the analysis requested of it by this Honorable Court. Moreover, that error had serious consequences, since if the Court of Appeals had performed the full analysis, it would not, given the existing record, have been able to conclude the State procedurally defaulted. This is because there is nothing in the existing record that would enable the Court of Appeals to rationally conclude that the trial court intended for its order to extend beyond the grounds covered by the findings of fact and conclusions of law

rendered. That is because those findings of fact and conclusions of law do not address the length of the detention at all and state no basis for granting suppression other than that the State failed to get valid consent in this case. [CR-I-32-33]. Thus if the Court of Appeals had performed the full analysis requested of it by this Honorable Court it would have to have concluded either: 1) the trial court did not intend for its order to apply beyond the grounds covered by the findings of fact and conclusions of law rendered (which would in turn mean the State did not procedurally default), or 2) the record was insufficient to establish what the trial court intended and as such the case must be remanded back to the trial court for further findings pursuant to the Court of Appeals' authority under Texas Rule of Appellate Procedure 44.4. Either way, the Court of Appeals ruling would have been radically different if the Court of Appeals had followed this Honorable Court's instructions and addressed both of the questions it was instructed to answer.

As such the Court of Appeals' conduct so far departed from the accepted and usual course of judicial proceedings that it calls for an exercise of the Court of Criminal Appeals' power of supervision and thus this petition should be granted.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** the State prays that this Honorable Court grant this Petition for Discretionary Review and reverse the decision of the Court of Appeals.

**Respectfully submitted,**

**STEPHEN B. TYLER**
**CRIMINAL DISTRICT ATTORNEY**

**/s/ Brendan Wyatt Guy**
**Brendan Wyatt Guy**
Assistant Criminal District Attorney
SBN 24034895
205 North Bridge Street, Suite 301
Victoria, Texas 77902
E-mail: bguy@vctx.org
Telephone:   (361) 575-0468
Facsimile: 361 (576)-4139

**ATTORNEYS FOR THE APPELLANT,**
**THE STATE OF TEXAS**

## CERTIFICATE OF COMPLIANCE

In compliance with Texas Rule of Appellate Procedure 9.4(i)(3), I certify that the number of words in Appellant's Petition for Discretionary Review submitted on November 30, 2015, excluding those matters listed in Rule 9.4(i)(3) is 3,202.

/s/ Brendan Wyatt Guy
**BRENDAN WYATT GUY**
Assistant Criminal District Attorney
SBN 24034895
205 N. Bridge St., Suite. 301
Victoria, TX 77901
E-mail: bguy@vctx.org
Telephone: (361) 575-0468
Facsimile: 361 (576)-4139

**ATTORNEY FOR APPELLANT,
THE STATE OF TEXAS**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of Appellant's Petition for Discretionary Review has been served on Luis Martinez, Attorney for the Appellee, and on Lisa McMinn, State Prosecuting Attorney, by depositing same in the United States Mail, postage prepaid on the day of November 30, 2015.

/s/ **Brendan Wyatt Guy**
**BRENDAN WYATT GUY**
Assistant Criminal District Attorney
SBN 24034895
205 N. Bridge St., Suite. 301
Victoria, TX 77901
Telephone: (361) 575-0468
Facsimile: 361 (576)-4139

**ATTORNEY FOR APPELLANT,
THE STATE OF TEXAS**

# APPENDIX

## Table of Contents

I.    Appendix Table of Contents...........................................A-1

II.   Nov. 12, 2015 Memorandum Opinion
in Cause Number 13-11-00701-CR,
State of Texas v Shirley Copeland.......................................A-2-A-7



NUMBER 13-11-00701-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI – EDINBURG

---

THE STATE OF TEXAS,                                                    Appellant,

v.

SHIRLEY COPELAND,                                                      Appellee.

---

On appeal from the County Court at Law No. 1
of Victoria County, Texas.

---

## MEMORANDUM OPINION ON REMAND

**Before Chief Justice Valdez and Justices Garza and Longoria**
**Memorandum Opinion on Remand by Chief Justice Valdez**

This interlocutory appeal by the State, challenging the trial court's order granting a motion to suppress filed by appellee, Shirley Copeland, is before this Court on second remand from the Texas Court of Criminal Appeals. *See State v. Copeland*, 380 S.W.3d 214 (Tex. App.—Corpus Christi 2012) ("*Copeland I*"), *rev'd & remanded*, 399 S.W.3d 159,

162 (Tex. Crim. App. 2013); *see also State v. Copeland*, No. 13–11–00701–CR, 2013 WL 6588031, at *1 (Tex. App.—Corpus Christi Dec. 12, 2013), *rev'd & remanded*, No. PD1802–13, 2014 WL 5508985, at *6 (Tex. Crim. App. Oct. 22, 2014). As instructed by the Texas Court of Criminal Appeals, we will address the State's failure on appeal to challenge an alternative ground for the trial court's grant of the motion to suppress. We affirm.

## I.    FACTUAL BACKGROUND

One evening in 2011, Deputy Garza of the Victoria County Sheriff's Office was observing a house known for illegal-narcotics activity. He saw a sport utility vehicle ("SUV") approach the house and observed Copeland, the passenger, get out of the SUV, leave the deputy's sight, and return to the SUV after several minutes. After the SUV left the house, the deputy stopped the driver of the SUV, Wayne Danish, for a traffic violation.

Garza asked Danish to step outside the vehicle for questioning. Suspecting possible narcotics activity, the deputy asked Danish for consent to search the SUV. Danish agreed, but Copeland refused. She claimed to be the owner of the SUV even though she was not listed as the owner on the vehicle registration. Copeland and Danish also informed the deputy that they were married under common law. Although Copeland continued to refuse consent, Danish again consented, and the deputy searched the SUV. After finding two white pills, later identified as Tramadol, in the middle console, the deputy arrested and charged Copeland with misdemeanor possession of a dangerous drug. *See* TEX. HEALTH & SAFETY CODE § 483.041(a).

*Copeland*, 2014 WL 5508985, at *1.

## II.    APPELLATE HISTORY

In *Copeland I*, relying on *Georgia v. Randolph*, 547 U.S. 103, 123 (2006), we affirmed the trial court's ruling that Copeland's refusal to grant permission for the search negated the driver/owner's consent because the officer was required to have received Copeland's consent under principles of co-occupant consent rules, which generally apply only to a residence or property located at the residence. *Copeland*, 380 S.W.3d at 220–

21.[1] The Texas Court of Criminal Appeals reversed our judgment, stating: "Is a vehicle a mobile 'castle' so that passengers are treated the same as tenants who may disallow police to search a residence after a fellow tenant has consented to the search? Concluding that it is not, we decline to extend the holding in [*Randolph*, 547 U.S. at 123], from residences to vehicles." *See Copeland*, 399 S.W.3d at 159–60. The court of criminal appeals remanded the case for us to "determine whether the trial court's ruling on the motion to suppress must be upheld on the alternative ground asserted in appellee's motion." *Id.* at 162.[2] Upon remand, we did not address this issue, and instead, we determined that "the State failed to argue, prove, or purport to prove that the consent was granted freely and voluntarily." *Copeland*, 2013 WL 6588031, at *1. We affirmed the trial court's judgment on that basis. *Id.* The Court of Criminal Appeals reversed our judgment and remanded the case again, instructing as follows:

> Having determined that the procedural default found by the court of appeals was in error, we again remand this case for the court to address the matter of a possible procedural default that we noted in our original opinion in this case. In our original opinion, we noted that Copeland's written motion to suppress had also argued as an alternative ground that the length of the detention was unreasonable and that the State had failed to challenge that theory in its appellate brief to the court of appeals. We, therefore, remand this case for the court of appeals to address this matter in the first instance.

[1] "In *Randolph*, the Supreme Court held that a warrantless search of a shared dwelling over the express refusal of consent by a physically present resident cannot be justified as reasonable as to that resident on the basis of consent given by another resident." *State v. Copeland*, 399 S.W.3d 159, 163 (Tex. Crim. App. 2013) (citing *Georgia v. Randolph*, 547 U.S. 103, 122–23 (2006)).

[2] *See also State v. Copeland*, No. 13–11–00701–CR, 2013 WL 6588031, at *3 (Tex. App.—Corpus Christi Dec. 12, 2013), *rev'd & remanded*, No. PD1802–13, 2014 WL 5508985, at *6 (Tex. Crim. App. Oct. 22, 2014) ("This Court, therefore, remanded the case for the court of appeals to address the question of procedural default in the first instance with respect to Copeland's alternative argument in her motion to suppress that the length of the detention was unreasonable, and to consider whether the trial court's findings of fact and conclusions of law were adequate to resolve the disputed issues before the court or whether abatement for additional fact findings might be necessary.").

A-4

*Copeland*, 2013 WL 6588031, at *6. Accordingly, we will address this matter as instructed.

## II. APPLICABLE LAW

A party procedurally defaults its challenge to the trial court's decision on a motion to suppress by failing to challenge all grounds which support the trial court's decision. *Copeland*, 2014 WL 5508985, at *4.

> It is a long-standing rule that an appellate court must uphold the trial court's order on a motion to suppress "on any theory of law applicable to the case," even if the trial court did not purport to rely on that theory in making its ruling. The only limitation to this rule is that it applies to legal theories presented at trial and on which the appellant was fairly called upon to adduce evidence.

*Id.* at *5.

## III. DISCUSSION

Here, appellee argued in her motion to suppress that under *Terry v. Ohio*, 392 U.S. 1 (1968), "the detention by law enforcement was not reasonably related in scope to either the circumstances that justified the stop nor was it to dispel any reasonable suspicion that developed during the stop." The State stipulated that this case involved a warrantless detention; thus, the burden of proof shifted to the State to establish the reasonableness of the warrantless detention. *Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005).

At the motion to suppress hearing, the State argued that the police officer had a reasonable basis to detain Copeland during the stop and "that his reason for the initial stop had not yet been concluded. . . ." The State cited *Terry*, arguing that the trial court could evaluate "the reasonableness of temporary detention in terms of the totality of the circumstances." The State stated, "[T]he totality of the circumstances in this case warranted an extended detention of the vehicle and the passengers within" and "the

A-5

detention did not last longer than the time required for this officer, a diligent officer, to accomplish the objective purpose of the stop and that the simple fact that it was a vehicle stop in and of itself created exigent circumstances that warranted the extended detention."[3]

Thus, the trial court was required to conduct an analysis regarding the reasonableness of the length of the detention, making this theory applicable to the case, and appellant, the State, "was fairly called upon to adduce evidence" at the motion to suppress hearing on that issue.[4] *See Copeland*, 2014 WL 5508985, at *5. However, on appeal, the State has not challenged the trial court's order granting Copeland's motion to suppress on the basis that the length of the detention was unreasonable. Because of this procedural default by the State, we must uphold the trial court's order.[5] *See id.*

## IV. CONCLUSION

---

[3] After the State presented its evidence, Copeland's trial counsel argued, among other things, that the officer had illegally detained Copeland because the officer lacked a reasonable suspicion to believe a crime had been committed and asked the trial court to grant the motion to suppress on, among other things, that basis.

[4] A prolonged detention exceeding the scope of the initial traffic stop when an officer lacks reasonable suspicion that a crime has been or will be committed may require that any evidence obtained during this extended detention to be suppressed. *See Terry v. Ohio*, 392 U.S. 1, 18–19 (1968); *Davis v. State*, 947 S.W.2d 240, 243 (Tex. Crim. App. 1997) ("An investigative stop must be temporary and must not last longer than necessary to accomplish the purpose of the investigation."); *see also Kothe v. State*, 152 S.W.3d 54, 65 (Tex. Crim. App. 2004) ("Only if a license check 'unduly prolongs' the detention is the officer's action unreasonable under the circumstances."); *Garza v. State*, No. 13–12–00240–CR, 2013 WL 3378325, at *10 (Tex. App.—Corpus Christi July 3, 2013, pet. ref'd) (mem. op., not designated for publication) (concluding that the facts articulated by the officer did not warrant a person of reasonable caution to believe that the appellant was committing or had committed a crime was reasonable to extend the duration of the initial traffic stop and concluding that the trial court abused its discretion by denying the appellant's motion to suppress) (citing *Terry*, 392 U.S. at 21–22; *Davis*, 947 S.W.2d at 243).

[5] We note that we need not abate the case and remand it to the trial court for findings of fact regarding the issue of whether the length of the detention was reasonable because we are required to do so only when "the findings that are made by a trial court are so incomplete that [we are] *unable to make a legal determination*." *See State v. Saenz*, 411 S.W.3d 488, 495 (Tex. Crim. App. 2013) (emphasis added). In this case, because the State has not challenged the grant of the motion to suppress on the basis that it met its burden of showing that the length of the detention was reasonable, there is no legal determination for us to make. *See id.*

We affirm the trial court's grant of Copeland's motion to suppress.

/s/ **Rogelio Valdez**
ROGELIO VALDEZ
Chief Justice

Do not Publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
12th day of November, 2015.

A-7